PESQUERA *v.* DÍAZ.

APPEAL from the District Court of San Juan.

No. 44.—Decided February 25, 1905.

UNLAWFUL DETAINER—AGAINST WHOM THE ACTION LIES.—An action of unlawful detainer will not lie against a person who holds possession of real property adversely to the plaintiff and under a *bona fide* claim of ownership.

The facts are stated in the opinion.
*Mr. Freyre Barbosa,* for appellant.
*Mr. Cruz Castro,* for respondent.
MR. JUSTICE MacLEARY delivered the opinion of the court.

This suit was brought on the 8th of January, 1904, in the District Court of San Juan, by José de Jesus Pesquera y Goenaga against Guillermina Díaz to oust her from the possession of a certain lot of land in the municipality of Bayamón, on the ground that she was occupying the same as a tenant at sufferance. After citation and answer duly made, and the usual necessary proceedings, a judgment was rendered by the District Court of San Juan, dispossessing the defendant from the lot of land described in the complaint, and condemning her to pay all the costs of this proceeding.

From this judgment on the 25th of May, 1904, the defendant took an appeal to this court. It is not necessary to review all the issues presented, discussed and decided in the court below since there is one fundamental error which would re-

quire a reversal of the judgment and the dismissal of the plaintiff's case. This suit is brought against Guillermina Díaz, alleging her to be a tenant at sufferance. It is based on the 3d paragraph of section 1563 of the old Code of Civil Procedure, which reads as follows:

"Art. 1563. An action of unlawful detainer may be instituted against:

"1. Tenants.

"2. Managers, custodians, keepers, or watchmen intrusted by landlords with their property.

"3. Tenants at sufferance, or any other persons enjoying the estate, whether rural or urban, without paying rent therefor, provided that one month's notice to vacate has been served upon them."

The proof shows that she never had been at any time a tenant of the plaintiff, or of any one else, holding this lot at sufferance or otherwise. She occupies, and has occupied for more than nine years past, the house and lot, claiming to be the owner of the same. She produces as proof of her ownership several receipts, which though very informal, clearly indicate the nature of her claim, and her possession. Of course, she has never paid rent to the plaintiff, nor to any one else, as she does not acknowledge the right of any one to collect rent, or herself to be a tenant. The defendant also presented in evidence several tax receipts, showing that she had paid taxes at different times on two houses at Maturí, being the houses, presumably, concerned in this suit. The sixth finding of fact contained in the judgment of the court below reads as follows:

"6. Finding that one of the proofs presented by the defendant is a certified copy from the registrar of property of the proceedings instituted at the request of the Vicar General of the Diocese in regard to the parcel of land called 'Maturí,' the possession of which he wished to establish in favor of the bishopric, which proceedings contain the order approving the petition (of the Vicar General), and directing the inscription of the aforesaid land in the registry of property in

favor of the bishopric, *without prejudice to a third party having a greater right to the same;* and in the act of the trial the witness Llovie and Loubriel testified that they signed the receipts, the former stating that they signed the same because the vendor did not know how to write, and the second that they did so at the request of Quiros, who made the request in the name of his wife, alleging that the house belonged to her; other witnesses declare that each of them has or does occupy a small house at Maturí; that they have never paid anything for the lot; that nobody has demanded payment of them; and one of them states that it has been so for thirty years; another says twenty-eight years, and still another says twenty and odd years; again another witness declared that his father had possessed a house at Maturí for more than thirty years, that he had never paid anything for the lot on which said house was built, and that he sold the same to the defendant.''

Whatever else may be shown by this finding of fact, it certainly appears therefrom that the defendant, Guillermina Díaz, never occupied the houses as a tenant at sufferance, but under a claim of right, and the evidence introduced sustains the finding in this respect. Certainly section 1563, which designates who may be made defendants in cases of unlawful detainer, was not intended to include within its terms claimants of property who held the same as this defendant does, independently of the plaintiff and under a *bona fide* claim of ownership. It also appears from the evidence that the possession of the defendant, coupled with that of the person, Carmelo Barbosa, from whom she obtained her title, extended back for twenty-eight or thirty years from the date of trial in the district court, and that she had paid no rent to any one during that time, and presumably had not been molested in her possession.

Taking all the facts and circumstances of this case into consideration, and applying the law as laid down in Article 1363 of the old Code of Civil Procedure, it seems clear to us that the defendant is not subject to an action of forcible detainer on the part of the plaintiff, and that the judgment rendered in the court below against her was erroneous. It should there-

fore be reversed and the petition of the plaintiff dismissed with all costs against him, both in this court and in the court below.

*So ordered.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.